UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                                       Case No: 8:21-mc-116-SDM-JSS

ROGER NUTTBROCK,

    Defendant.
_____/

## ORDER

Plaintiff Nationwide Judgment Recovery, Inc. moves the court for a writ of garnishment after judgment directed to Truist Bank pursuant to Federal Rule of Civil Procedure 69(a) and section 77.03 of the Florida Statutes. (Motion, Dkt. 17.) For the following reasons, the Motion is granted.

## BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered a final judgment in favor of Matthew Orso and against Defendant in the amount of $2,006.37. (Dkt. 1-1.) Mr. Orso registered the final judgment with this court on September 17, 2021. (Dkt. 1.) As such, the judgment has the same force and effect as if it were entered by this court. *See* 28 U.S.C. § 1963. On October 13, 2022, the court granted Plaintiff's motion for substitution and substituted Nationwide Judgment Recovery, Inc. as Plaintiff in this matter pursuant to Federal Rule of Civil Procedure 25. (Dkt. 16.)

In the Motion, Plaintiff states that Defendant has not satisfied any portion of the judgment. (Dkt. 17 at 2.) However, Plaintiff believes that Truist Bank has in its possession or control money or property belonging to Defendant sufficient to satisfy the judgment in whole or in part. (*Id.*) Accordingly, Plaintiff moves for issuance of a writ of garnishment to Truist Bank as Garnishee. (Dkt. 17.)

## APPLICABLE STANDARDS

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure must accord with the procedure of the state where the court is located. *Id.* In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. Fla. Stat. § 77.01. Chapter 77 of the Florida Statutes sets forth the procedure for obtaining a writ of garnishment under Florida law. After judgment has been obtained against a defendant, but before the writ of garnishment is issued, the plaintiff shall file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The proposed writ shall state the amount named in the plaintiff's motion and require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ. Fla. Stat. § 77.04. Post-judgment writs of garnishment may be issued ex parte and without notice to the judgment debtor. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-Orl-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008) (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)).

## ANALYSIS

As Plaintiff has obtained a judgment against Defendant, Plaintiff has a right to a writ of garnishment. Fla. Stat. § 77.01. Plaintiff's Motion states the amount of the judgment and Plaintiff attached a proposed writ as an exhibit to the Motion. (Dkt. 17-1.) The proposed writ states the amount in the Motion and directs Truist Bank to respond within 20 days.

Accordingly:

1. Plaintiff's Motion for Writ of Garnishment (Dkt. 17) is **GRANTED**.

2. The Clerk of Court shall issue a writ of garnishment to Truist Bank, c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. The Clerk shall use the proposed Writ of Garnishment attached to Plaintiff's Motion. (Dkt. 17-1.) The writ of garnishment shall include copies of Plaintiff's Motion (Dkt. 17) and the registered judgment (Dkt. 1).

3. The Clerk shall also attach to the writ the "Notice to Defendant" required by section 77.041(1) of the Florida Statutes.

4. Plaintiff is directed to comply with section 77.041(2) of the Florida Statutes.

**ORDERED** in Tampa, Florida, on September 22, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

- 4 -

Copies furnished to:
Counsel of Record